IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF
CAUSE NO.: 25-4930

BRITTANY M. STEPHENS,
   Plaintiff,
v.
GRACE DELGADO and NB ELITE REALTY, LLC,
   Defendants.

United States Courts
Southern District of Texas
F I L E D

DEC 0 5 2025

Nathan Ochsner, Clerk of Court

## PLAINTIFF'S STATEMENT OF DAMAGES

TO THE HONORABLE COURT:

Plaintiff, Brittany M. Stephens, living being  hereby submits this Statement of Damages in the above-captioned matter.

### 1. Background
Plaintiff alleges that Defendants, including the real estate agent and their brokerage, wrongfully withheld Plaintiff's housing vouchers and related instruments. Despite repeated requests— including via certified mail—Defendants refused to return these instruments. This conduct has directly impaired Plaintiff's ability to access and utilize benefits, delayed housing arrangements, and created unnecessary legal and administrative burdens.

### 2. Nature of Damages
As a result of Defendants' actions, Plaintiff has suffered:
- Economic Damages: Costs incurred in attempting to retrieve withheld instruments, including certified mailing, administrative, and legal costs.
- Non-Economic Damages: Emotional distress, inconvenience, and time lost due to the wrongful withholding of instruments.
- Consequential Damages: Any delays or losses directly related to inability to access or utilize the withheld housing instruments.

### 3. Basis for Damages
All instruments withheld by Defendants constitute consumer credit transactions for family and household purposes, creating a security interest and tender of performance that remained in the possession of the Defendants. By failing to return these instruments, Defendants have breached fiduciary duties and engaged in negligent conduct causing measurable harm to Plaintiff.

### PRAYER FOR RELIEF
WHEREFORE, Plaintiff respectfully requests that the Court:
1. Order Defendants to immediately return all withheld instruments.
2. Award economic damages incurred by Plaintiff in attempting to recover such instruments.
3. Award non-economic damages for emotional distress, inconvenience, and time lost.
4. Award consequential damages resulting from the delay or inability to utilize Plaintiff's instruments.
5. Grant any further relief the Court deems just and proper and good faith.

Respectfully submitted,

Brittany M Stephens
living being , Plaintiff
Redacted Address Privacy
sbrittany385@gmail.com
All Rights Reserved
Date 12/5/2025

**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF**
**CAUSE NO.: 25-4930**

**BRITTANY M. STEPHENS,**
   **Plaintiff,**
**v.**
**GRACE DELGADO and NB ELITE REALTY, LLC,**
   **Defendants.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was on this _5_ day of December, 2025.

Respectfully submitted,

Brittany M Stephens
living being , Plaintiff
Redacted Address Privacy
sbrittany385@gmail.com
All Rights Reserved

CAUSE NO.: 25-4930
BRITTANY M. STEPHENS,
  Plaintiff,

v.

GRACE DELGADO and NB ELITE REALTY, LLC,
  Defendants.

## STATEMENT OF FACTS AFFIDAVIT

I, Brittany M. Stephens, declare under penalty of perjury as follows:

1. I am the Plaintiff in this matter and make this Statement of Facts Affidavit based on my personal knowledge.

2. The Defendants, NB Elite Realty, LLC and Grace Delgado, have in their possession certain documents and instruments related to Plaintiff's housing vouchers and other related matters.

3. Prior to the filing of this case, I requested that the Defendants return all such documents to me via certified mail with return receipt.

4. Despite these requests, the Defendants did not return the documents. The refusal to return these instruments persisted even though some of the documents may have expired or were no longer actively required.

5. The Defendants, in their original answer, admitted to having possession of all documents and instruments relevant to this case.

6. The Defendants' continued withholding of these documents required Plaintiff to take additional measures to protect personal identifying information and ensure the integrity of the Plaintiff's rights.

7. This Statement of Facts Affidavit is submitted in support of Plaintiff's Proposed Motion to Strike Defendants' Proposed Standing Protective Order, as the protective order is unnecessary given the Defendants' acknowledged possession of the documents and failure to return them.

Executed on this __4__ day of December, 2025.

_____
Brittany M. Stephens
All Rights Reserved

State of Texas
County of Harris

Sworn to and subscribed before me this __4__ day of December, 2025, by Brittany M Stephens living being , who affirms the foregoing is true and correct under penalty of perjury.

_____
Notary Signature
Printed Name: HEATHER HOLMES

Commission Expires: 12/15/2025
Seal/ Stamp



HEATHER HOLMES
131361523
NOTARY PUBLIC, STATE OF TEXAS
MY COMMISSION EXPIRES
DECEMBER 15, 2025

CAUSE NO.: 25-4930
BRITTANY M. STEPHENS,
  Plaintiff,
v.
GRACE DELGADO and NB ELITE REALTY, LLC,
  Defendants.

---

## PLAINTIFF'S STATEMENT OF DAMAGES

TO THE HONORABLE COURT:

Plaintiff, Brittany M. Stephens, hereby submits this Statement of Damages in the above-captioned matter.

1. Background
Plaintiff alleges that Defendants, including the real estate agent and their brokerage, wrongfully withheld Plaintiff's housing vouchers and related instruments. Despite repeated requests—including via certified mail—Defendants refused to return these instruments. This conduct has directly impaired Plaintiff's ability to access and utilize benefits, delayed housing arrangements, and created unnecessary legal and administrative burdens.

2. Nature of Damages
As a result of Defendants' actions, Plaintiff has suffered:
- Economic Damages: Costs incurred in attempting to retrieve withheld instruments, including certified mailing, administrative, and legal costs.
- Non-Economic Damages: Emotional distress, inconvenience, and time lost due to the wrongful withholding of instruments.
- Consequential Damages: Any delays or losses directly related to inability to access or utilize the withheld housing instruments.

3. Basis for Damages
All instruments withheld by Defendants constitute consumer credit transactions for family and household purposes, creating a security interest and tender of performance that remained in the possession of the Defendants. By failing to return these instruments, Defendants have breached fiduciary duties and engaged in negligent conduct causing measurable harm to Plaintiff.

PRAYER FOR RELIEF
WHEREFORE, Plaintiff respectfully requests that the Court:
1. Order Defendants to immediately return all withheld instruments.
2. Award economic damages incurred by Plaintiff in attempting to recover such instruments.
3. Award non-economic damages for emotional distress, inconvenience, and time lost.
4. Award consequential damages resulting from the delay or inability to utilize Plaintiff's instruments.
5. Grant any further relief the Court deems just and proper.

Respectfully submitted,

Brittany M. Stephens
living being, Plaintiff
sbrittany385@gmail.com
Address Redacted for Privacy
All Rights Reserved
Date 12/4/2025

CAUSE NO.: 25-4930
BRITTANY M. STEPHENS,
  Plaintiff,
v.
GRACE DELGADO and NB ELITE REALTY, LLC,
  Defendants.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on this ___ day of December, 2025.

Respectfully submitted,

Brittany M. Stephens
living being, Plaintiff
sbrittany385@gmail.com
Address Redacted for Privacy
All Rights Reserved

CAUSE NO.: 25-4930
BRITTANY M. STEPHENS,
 Plaintiff,
v.
GRACE DELGADO and NB ELITE REALTY, LLC,
 Defendants.

## PLAINTIFF'S STATEMENT OF DAMAGES

TO THE HONORABLE COURT:

Plaintiff, Brittany M. Stephens, hereby submits this Statement of Damages in the above-captioned matter.

### 1. Background
Plaintiff alleges that Defendants, including the real estate agent and their brokerage, wrongfully withheld Plaintiff's housing vouchers and related instruments. Despite repeated requests—including via certified mail—Defendants refused to return these instruments. This conduct has directly impaired Plaintiff's ability to access and utilize benefits, delayed housing arrangements, and created unnecessary legal and administrative burdens.

### 2. Nature of Damages
As a result of Defendants' actions, Plaintiff has suffered:
- Economic Damages: Costs incurred in attempting to retrieve withheld instruments, including certified mailing, administrative, and legal costs.
- Non-Economic Damages: Emotional distress, inconvenience, and time lost due to the wrongful withholding of instruments.
- Consequential Damages: Any delays or losses directly related to inability to access or utilize the withheld housing instruments.

### 3. Basis for Damages
All instruments withheld by Defendants constitute consumer credit transactions for family and household purposes, creating a security interest and tender of performance that remained in the possession of the Defendants. By failing to return these instruments, Defendants have breached fiduciary duties and engaged in negligent conduct causing measurable harm to Plaintiff.

### PRAYER FOR RELIEF
WHEREFORE, Plaintiff respectfully requests that the Court:
1. Order Defendants to immediately return all withheld instruments.
2. Award economic damages incurred by Plaintiff in attempting to recover such instruments.
3. Award non-economic damages for emotional distress, inconvenience, and time lost.
4. Award consequential damages resulting from the delay or inability to utilize Plaintiff's instruments.
5. Grant any further relief the Court deems just and proper.

Respectfully submitted,

_____
Brittany M. Stephens
living being, Plaintiff
sbrittany385@gmail.com
Address Redacted for Privacy
All Rights Reserved

CAUSE NO.: 25-4930
BRITTANY M. STEPHENS,
  Plaintiff,
v.
GRACE DELGADO and NB ELITE REALTY, LLC,
  Defendants.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on this ⁴⁄ day of December, 2025.

Respectfully submitted,

_____
Brittany M. Stephens
living being, Plaintiff
sbrittany385@gmail.com
Address Redacted for Privacy
All Rights Reserved

CAUSE NO.: 25-4930
BRITTANY M. STEPHENS,
 Plaintiff,

v.

GRACE DELGADO and NB ELITE REALTY, LLC,
 Defendants.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF Texas

## NOTICE TO THE COURT

Plaintiff respectfully submits this notice to provide the Court with a clear understanding of the circumstances surrounding the ongoing dispute and the conduct of the Defendant, NB Elite Realty, LLC, and its agent, Grace Delgado. The central issue in this matter involves the Defendants' withholding of critical instruments and documents that were issued to the Plaintiff, including housing vouchers and related instruments, which were intended for family and household purposes. Despite repeated requests for the return of these documents, including certified mail prior to the filing of this action, the Defendants have failed to comply.

The Plaintiff further notes that the Defendants, along with their brokerage, have engaged in actions that shift the focus of this case away from their obligation to return the instruments, instead involving other parties or procedural maneuvers that are irrelevant to the underlying dispute. The Defendants' counsel has filed disclosures and protective orders, and referenced third-party agents, which effectively change the narrative of the case rather than address the original issue: the Defendants' failure to return documents in their possession.

This conduct demonstrates negligence and bad faith on the part of the real estate agent and brokerage, as they have prioritized procedural arguments, potential protective designations, and the involvement of unrelated parties over fulfilling their clear obligations. The Plaintiff emphasizes that this notice is submitted to ensure the Court is fully informed of the factual record and the context in which the Defendants' actions have delayed the resolution of this matter.

All documents withheld by the Defendants, including those related to consumer credit transactions, performance acceptance, and security interest, remain in the possession of the Defendants. The Plaintiff's objective in submitting this notice is to highlight the ongoing failure of the Defendants to remedy this situation, and to maintain the focus of the Court on the factual circumstances and responsibilities of the Defendants, rather than the procedural distractions introduced by their counsel.

Respectfully submitted,

Brittany M. Stephens
living being, Plaintiff
sbrittany385@gmail.com
Address Redacted for Privacy
All Rights Reserved
Date 12/4/2025

CAUSE NO.: 25-4930
 BRITTANY M. STEPHENS,
   Plaintiff,
 v.
GRACE DELGADO and NB ELITE REALTY, LLC,
   Defendants.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Notice to the Court was served on this the 4 of December, 2025.

Respectfully submitted,

Brittany M. Stephens
living being, Plaintiff
sbrittany385@gmail.com
Address Redacted for Privacy
All Rights Reserved

CAUSE NO.: 25-4930
BRITTANY M. STEPHENS,
  Plaintiff,
v.
GRACE DELGADO and NB ELITE REALTY, LLC,
  Defendants.

## PLAINTIFF'S PROPOSED DISCOVERY / CASE MANAGEMENT PLAN

United States District Court – Southern District of Texas
Houston Division

## I. INTRODUCTORY STATEMENT

Plaintiff submits this Proposed Discovery and Case Management Plan pursuant to Federal Rule of Civil Procedure 26(f). This plan is provided in good faith to outline the proposed scope, sequence, and timelines for discovery in this case. Plaintiff previously sought to coordinate a joint discovery plan with Defendants' counsel. Defendants' counsel indicated that they were moving offices at the time and could not participate, and Plaintiff accommodated this schedule by providing communications via email. Despite this accommodation, Defendants did not engage in amending or providing a joint plan, and Plaintiff therefore submits this independent plan to ensure the Court has a clear path forward for discovery and case management.

This Proposed Discovery Plan is submitted with the goal of facilitating the orderly exchange of information and documents while preserving the rights of all parties and allowing the Court to manage the case efficiently.

## II. CASE SUMMARY

This case involves the Defendant's withholding of housing vouchers and related instruments, which are considered consumer credit transactions for family and household purposes. Plaintiff alleges that the Defendant retained these instruments after tender of performance, thereby preventing Plaintiff from exercising her legal rights. The Defendant's actions, and the broker's failure to correct them, caused Plaintiff financial and logistical harm, including interference with the ability to access benefits and entitlements.

The dispute centers on the proper release, delivery, and management of these instruments, as well as the Defendant's responsibility for safeguarding and returning instruments to Plaintiff after tender of performance. Plaintiff seeks remedies including return of all withheld instruments, recognition of security interest and tender of performance, and damages resulting from the Defendant's conduct.

This Proposed Discovery Plan is designed to ensure the orderly identification of witnesses, exchange of documents, and resolution of issues relating to discovery, while remaining neutral and focused on the facts of this dispute.

## III. RULE 26(f) MEETING

Plaintiff attempted to conduct a Rule 26(f) meeting with Defendants' counsel via email. Due to Defendants' counsel moving offices and unavailability, no live meeting occurred. Plaintiff provided all proposed dates and language for a joint discovery plan in good faith. Defendants did not respond substantively, and no agreement was reached. Plaintiff submits this plan independently to comply with Rule 26(f) requirements and to ensure the Court can manage discovery and scheduling without undue delay.                Pg 1

CAUSE NO.: 25-4930
BRITTANY M. STEPHENS,
    Plaintiff,
v.
GRACE DELGADO and NB ELITE REALTY, LLC,
    Defendants.

## IV. SCOPE AND TOPICS OF DISCOVERY

Plaintiff proposes discovery should encompass the following areas:
1. Identification of all persons with knowledge relevant to the withholding of housing vouchers and related instruments, including the Defendant and responsible employees or agents of NB Elite Realty, LLC.
2. Documentation of all instruments, applications, and vouchers withheld, including dates of receipt, retention, and attempts at return.
3. Communications between Plaintiff and Defendant regarding tender of performance, access to housing instruments, and any related claims or demands.
4. Policies and procedures of NB Elite Realty, LLC and oversight provided by the brokerage concerning the handling and return of instruments.
5. Any materials related to damages suffered by Plaintiff due to the Defendant's actions.

Plaintiff reserves the right to expand the scope of discovery based on information obtained during the course of discovery.

## V. DISCOVERY PROCEDURES AND TIMELINES
1. Initial Disclosures: Plaintiff will serve her Initial Disclosures concurrently with this plan. Defendants should serve theirs within the timeframe set by the Court.
2. Written Discovery: Plaintiff proposes exchanging interrogatories and requests for production within 30 days of the Court's scheduling order. Responses to written discovery should be provided within 30 days of service, consistent with Federal Rules.
3. Document Production: All electronically stored information and tangible documents relevant to Plaintiff's claims shall be produced with appropriate Bates labeling and, if necessary, under the Court's protective order.
4. Depositions: Depositions of fact witnesses, including the Defendant, may occur after completion of initial written discovery. Plaintiff anticipates completing all depositions within 90 days of the Court's scheduling order.
5. Experts: Plaintiff will designate any expert witnesses on or before the deadline set by the Court. Plaintiff anticipates that expert reports, if necessary, will be exchanged consistent with Rule 26(a)(2).

## VI. ALTERNATIVE DISPUTE RESOLUTION

Plaintiff is open to exploring alternative dispute resolution techniques as appropriate. Plaintiff requests the Court schedule discussions on mediation or settlement conferences after initial discovery to assess whether resolution is feasible.

## VII. PROPOSED SCHEDULE
- Initial Disclosures: Served concurrently with this plan.
- Written Discovery: Within 30 days of scheduling order.
- Document Production: Concurrent with written discovery.
- Fact Depositions: Within 90 days of scheduling order.
- Expert Disclosures: By deadlines established by Court.
- Completion of Discovery: Within 120 days of scheduling order.          Pg. 2

CAUSE NO.: 25-4930
BRITTANY M. STEPHENS,
  Plaintiff,
v.
GRACE DELGADO and NB ELITE REALTY, LLC,
  Defendants.


- Pretrial Conference: To be set by Court.

---

## VIII. JURY TRIAL

Plaintiff has requested a jury trial. All other scheduling matters, including trial length and dates, should be determined by the Court.

---

## IX. PENDING MOTIONS

There are currently no pending motions at the time of this filing. Plaintiff reserves the right to file any motions as necessary to address discovery disputes or procedural matters.

---

## X. CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Proposed Discovery / Case Management Plan was electronically served on all counsel and parties of record on 12/4/2025.

Respectfully Submitted,

Brittany M  Stephens
living being
Plaintiff
sbrittany385@gmail.com
All Rights Reserved

CAUSE NO.: 25-4930
BRITTANY M. STEPHENS,
   Plaintiff,
v.
GRACE DELGADO and NB ELITE REALTY, LLC,
   Defendants.


## PLAINTIFF'S INITIAL DISCLOSURES

United States District Court – Southern District of Texas
Houston Division

---

## INTRODUCTORY STATEMENT

Plaintiff, Brittany M. Stephens, submits these Initial Disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1)(A). These disclosures are made in good faith and based on all information reasonably available to Plaintiff at this time. Plaintiff reserves the right to supplement or amend these disclosures if additional information becomes known during the course of discovery.

The purpose of these disclosures is to comply with the rules and provide the Court and all parties with information regarding witnesses, documents, and other materials Plaintiff may use to support claims in this matter. Plaintiff does not waive any rights, objections, or privileges in these disclosures.

---

## I. PARTIES

Plaintiff:
Brittany M. Stephens
living being, Plaintiff
Address Redacted for Privacy

Defendants:
NB Elite Realty, LLC
Grace Delgado

---

## II. CASE SUMMARY
This case arises from the Defendant's withholding of documents and housing-related instruments, which directly impacted Plaintiff's ability to access and utilize benefits. These instruments constitute consumer credit transactions for family and household purposes, and their withholding interfered with Plaintiff's legal and contractual rights.

The Defendant, acting as a real estate agent, failed to properly return or release these instruments despite tender of performance by Plaintiff. The broker overseeing the Defendant also failed to correct the misconduct.

Defendants' counsel has attempted to shift focus to third-party agents, but the actions and omissions of the Defendant and her broker are central to this case. Plaintiff will not be naming other agency personnel, in order to avoid introducing irrelevant third parties and to prevent the shifting of responsibility.
Plaintiff seeks remedies including but not limited to:
   1.  Return of all withheld instruments;
   2.  Recognition of tender of performance and security interest;                    Pg 1

CAUSE NO.: 25-4930
BRITTANY M. STEPHENS,
  Plaintiff,
v.
GRACE DELGADO and NB ELITE REALTY, LLC,
  Defendants.

3. Any damages resulting from the Defendant's actions, including interference with Plaintiff's legal rights.

## III. WITNESSES LIKELY TO HAVE DISCOVERABLE INFORMATION

1. Plaintiff: Brittany M. Stephens
   o Knowledge of events, communications, and tender of performance.
2. Defendant: Grace Delgado
   o Knowledge of documents withheld, actions regarding instruments, communications with Plaintiff.
3. Defendant's Brokerage: NB Elite Realty, LLC
   o Oversight and policies relevant to Plaintiff's claims.

Plaintiff reserves the right to supplement this list as further information becomes available during discovery.

## IV. DOCUMENTS AND ELECTRONIC INFORMATION

Plaintiff may use the following categories of documents to support claims:
1. Copies of all housing-related instruments and vouchers in Defendant's possession.
2. Communications between Plaintiff and Defendant (emails, texts, letters).
3. Proof of tender of performance and security interest in all instruments.
4. Documentation showing interference with Plaintiff's access to benefits.
5. Any prior communications with the broker regarding the Defendant's conduct.
6. Any other relevant documentation obtained during discovery.

## V. DAMAGES

1. Compensatory: Loss of access to housing vouchers and related instruments, including financial impact and disruption of household needs.
2. Injunctive/Declaratory: Court recognition of tender of performance and security interest.
3. Plaintiff reserves the right to update damages calculations as more information is obtained.

## VI. INSURANCE AND OTHER THIRD PARTIES

Plaintiff is not aware of any insurance agreements or third-party indemnities at this time.

## VII. RETAINED EXPERTS

Plaintiff may designate experts as required by the Court, including experts on:
1. Consumer credit transactions and tender of performance.
2. Business practices in real estate brokerage and handling of tenant instruments.

## VIII. MISCELLANEOUS

Plaintiff reserves the right to call any additional witnesses or introduce any further documents that may be identified in discovery, including those referenced by Defendants or obtained via third-party subpoena.

Respectfully submitted,

Brittany M. Stephens
living being, Plaintiff
sbrittany385@gmail.com
Address Redacted for Privacy
All Rights Reserved
PG 2

CAUSE NO.: 25-4930
BRITTANY M. STEPHENS,
 Plaintiff,
v.
GRACE DELGADO and NB ELITE REALTY, LLC,
 Defendants.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Initial Disclosures was served on on 12/4/2025.

Respectfully submitted,

Brittany M. Stephens
living being, Plaintiff
sbrittany385@gmail.com
Address Redacted for Privacy
All Rights Reserved

CAUSE NO.: 25-4930

**BRITTANY M. STEPHENS,**
   Plaintiff,

**v.**

**GRACE DELGADO and NB ELITE REALTY, LLC,**
   Defendants.

Date November 13, 2025

Subject: Coordination on Joint Discovery and Case Management Plan

Dear Defendants' Counsel/Representative Name,

I hope this message finds you well.

In accordance with the Federal Rules of Civil Procedure and the Court's scheduling requirements, I am reaching out to coordinate the Joint Discovery and Case Management Plan for CAUSE NO.: 25-4930 BRITTANY M. STEPHENS, Plaintiff, v. GRACE DELGADO and NB ELITE REALTY, LLC, Defendants.

Attached are:
1. Proposed Joint Discovery and Case Management Plan
2. Proposed Scheduling Order

Please review the attached documents. If we are able to reach agreement, I request your confirmation by November 19, 2025. If no response is received by that date, I will proceed to submit the documents to the Court as proposed.

Thank you for your attention to this matter.

Respectfully Submitted,

Brittany M Stephens
living being
Plaintiff and Occupants
c/o 6606 Verbena Blossom Trail.
Katy Texas 77449
All Rights Reserved

CAUSE NO.: 25-4930

BRITTANY M. STEPHENS,
   Plaintiff,

v.

GRACE DELGADO and NB ELITE REALTY, LLC,
   Defendants.

Proposed Discovery and Case Management Plan
UNITED STATES DISTRICT COURT – SOUTHERN DISTRICT OF TEXAS

## I. Parties
CAUSE NO.: 25-4930 BRITTANY M. STEPHENS, Plaintiff, v. GRACE DELGADO and NB ELITE REALTY, LLC, Defendants.

## II. Purpose

This plan is intended to provide a framework for discovery and case management pursuant to Federal Rule of Civil Procedure 26(f).

## III. Discovery Plan
1. Initial Disclosures: Each party shall serve initial disclosures by November 26, 2025.
2. Written Discovery: Interrogatories, requests for production, and requests for admission shall be served no later than December 10, 2025. Responses are due within 30 days of service.
3. Depositions: All depositions shall be completed by January 31, 2026.
4. Expert Disclosures:
    o Plaintiff's expert disclosures: February 14, 2026
    o Defendant's expert disclosures: February 28, 2026

## IV. Case Management
1. Motions: Dispositive motions must be filed by March 15, 2026.
2. Mediation/Settlement Conference: Parties shall confer regarding mediation no later than March 31, 2026.
3. Trial: The case is anticipated to be ready for trial beginning May 15, 2026.

## V. Other Matters
- Parties agree to cooperate in good faith to schedule and conduct discovery efficiently.
- Any modifications to this plan will require Court approval or mutual agreement.

Respectfully Submitted,

Brittany M  Stephens
living being
Plaintiff and Occupants
c/o 6606 Verbena Blossom Trail.
Katy Texas 77449
All Rights Reserved

CAUSE NO.: 25-4930

BRITTANY M. STEPHENS,
  Plaintiff,
v.
GRACE DELGADO and NB ELITE REALTY, LLC,
  Defendants.

## Proposed Scheduling Order

UNITED STATES DISTRICT COURT – SOUTHERN DISTRICT OF TEXAS
CAUSE NO.: 25-4930 BRITTANY M. STEPHENS, Plaintiff, v. GRACE DELGADO and NB ELITE REALTY, LLC, Defendants.

## ORDER ON CASE SCHEDULING

Upon review of the Joint Discovery and Case Management Plan submitted by Plaintiff, it is hereby ORDERED:
  1. Initial Disclosures: Due by November 26, 2025
  2. Written Discovery: Requests due by December 10, 2025; responses due 30 days thereafter
  3. Completion of Depositions: January 31, 2026
  4. Expert Disclosures: Plaintiff: February 14, 2026; Defendant: February 28, 2026
  5. Dispositive Motions: Filed by March 15, 2026
  6. Mediation / Settlement Conference: Parties shall confer by March 31, 2026 ~TBD
  7. Trial Ready Date: May 15, 2026 ~TBD

This schedule may be modified by the Court for good cause shown.

SO ORDERED.

Judge_____

United States District Court – Southern District of Texas

Date: _____

Respectfully Submitted,

_____
Brittany M Stephens
living being
Plaintiff and Occupants
c/o 6606 Verbena Blossom Trail.
Katy Texas 77449
All Rights Reserved

CAUSE NO.: 25-4930

BRITTANY M. STEPHENS,
  Plaintiff,
v.
GRACE DELGADO and NB ELITE REALTY, LLC,
  Defendants.

## Certificate of Service

UNITED STATES DISTRICT COURT – SOUTHERN DISTRICT OF TEXAS
Cause No CAUSE NO.: 25-4930 BRITTANY M. STEPHENS, Plaintiff, v. GRACE DELGADO and NB ELITE REALTY, LLC, Defendants.

I, Brittany M Stephens, living being, certify that a true and correct copy of the following documents:

1. Email to Defendants' Representative regarding Joint Discovery and Case Management Plan
2. Proposed Joint Discovery and Case Management Plan
3. Proposed Scheduling Order
4. Cover Letter regarding Proposed Scheduling has been provided to Defendants' counsel of record, Defendants' Counsel Name / Representative , on November 13, 2025.

I affirm that the documents were sent in good faith to ensure proper notice and service in accordance with the Federal Rules of Civil Procedure and this Court's requirements.

Respectfully Submitted,

Brittany M  Stephens
living being
Plaintiff and Occupants
c/o 6606 Verbena Blossom Trail.
Katy Texas 77449
All Rights Reserved

Date: November 13, 2025